IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


W. BRAND BOBOSKY and WE NOT
ME, LTD.,

        Plaintiffs,

                                        3:10-CV-00630-PK

                                        OPINION AND ORDER

v.

ADIDAS AG d/b/a THE ADIDAS
GROUP, ADIDAS AMERICA, INC.,
180LA, LLC, NBA PROPERTIES,
INC., NBA MEDIA VENTURES, LLC
BANNER SEVENTEEN LLC d/b/a
THE BOSTON CELTICS, and KEVIN
GARNETT

        Defendants.

---

PAPAK, Judge:

        Plaintiffs W. Brand Bobosky and We Not Me, Ltd. (collectively "plaintiffs" or "Bobosky") brought this action arising out of a dispute over defendants' use of the phrase "We Not Me"

PAGE 1 - OPINION AND ORDER

during a 2007 marketing campaign.[1] In October, 2009, plaintiffs sued in federal court in Texas for trademark and copyright infringement, unfair competition, unjust enrichment, and declaratory relief. (Complaint, #1.) In June, 2010, the Texas court granted defendants' motion to transfer venue to this district and plaintiffs filed a second amended complaint adding several Illinois state law claims. (Second Amend. Compl., #63.) In October, 2010, this court denied plaintiffs' motion to dismiss or transfer venue, and granted defendants' motion to dismiss in part only as to plaintiffs' declaratory relief claim. In April, 2011, the parties stipulated to the dismissal of plaintiffs' federal copyright infringement claim, as well as all claims asserted under Illinois state law. (Stip. of Dismissal, #99.) Accordingly, plaintiffs filed a Third Amended Complaint alleging trademark infringement under 15 U.S.C. §§ 1114-1127 and unfair competition under 15 U.S.C. §1125. (Third Amend. Compl., #101.) Now before the court is defendants' motion for a more definite statement. I have considered the parties' briefing and the relevant pleadings. For the reasons set forth below, defendants' motion is denied.

## BACKGROUND

Plaintiffs identify each of the defendants in the Factual Background section of the Third Amended Complaint (hereinafter "Complaint") with at least a single example of their relevance to the claim. (Third Amend. Compl., #101.) Plaintiffs allege adidas used the poem "We Not Me" during a commercial advertising campaign. *Id.* at ¶¶ 46-47. They also allege that adidas produced shirts bearing the "We Not Me" mark in between adidas' mark and defendant Boston Celtics'

---

[1] Plaintiffs now proceed against adidas AG (the German parent company), adidas America, Inc. (the American subsidiary) (collectively "adidas"); 180 LA, LLC (a company hired to assist in marketing); NBA Properties, Inc., NBA Media Ventures, LLC, (collectively "NBA"); Banner Seventeen, LLC (owner and operator of the Boston Celtics); and NBA basketball star Kevin Garnett. (Pl.'s Third Amend. Compl., #101.)

mark following the 2008 NBA championship win by the Celtics. *Id.* at ¶ 49. Plaintiffs allege defendant Garnett distributed these shirts in Boston, "promoting that he was responsible for the mark." *Id.* Plaintiffs allege defendant NBA unlawfully profited from plaintiffs' mark by selling these shirts on nbastore.com. *Id.* at ¶ 56. Plaintiffs allege that defendant 180LA, LLC was hired to develop adidas' marketing campaign which uses the "We Not Me" mark. *Id.* at ¶ 51. Finally, plaintiffs allege that adidas, the NBA, the Boston Celtics, and Garnett proceeded with their advertising campaign to establish themselves as synonymous with the "We Not Me" trademark. *Id.* at ¶54. In their First Claim for Relief, plaintiffs implicitly reference these alleged facts by stating "Defendants have publicly exploited Plaintiffs' 'WE NOT ME' marks in connection with the 'Basketball is a Brotherhood' campaign in which Defendants have distributed and/or sold athletic apparel . . . bearing Plaintiffs' 'WE NOT ME' marks . . . ." *Id.* at ¶62.

In the title of their First Claim for Relief, plaintiffs allege unfair competition under 15 U.S.C. § 1125 and violation of the Lanham Trademark Act under 15 U.S.C. §§ 1114-1127. The First Claim for Relief states: "This claim is for the infringement of a trademarks [sic] registered in the United States Patent and Trademark Office, pursuant to § 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), as amended." *Id.* at ¶60. Plaintiffs also state: "As a direct and proximate result of Defendants' willful and deliberate acts, all in violation of §32 of the Lanham Act, 15 U.S.C. §1125, Plaintiffs are entitled to recover Defendants' profits . . . ." *Id.* at ¶64. The claim does not refer specifically to 15 U.S.C. § 1125 as the unfair competition statute, and also mislabels this statute as § 32 of the Lanham Act, which is actually the section dealing with trademark infringement.

///

PAGE 3 - OPINION AND ORDER

## LEGAL STANDARD

Federal Civil Procedure Rule 12(e) provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). Motions for a more definite statement are disfavored and are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal.1994). Where a responsive pleading can reasonably be framed, a motion for more definite statement should be denied. *See, e.g., Bureerong v. Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996); *see also* Fed. R. Civ. P. 12(e). Similarly, where the detail sought by a motion for more definite statement is available through discovery, the motion should be denied. *See Beery v. Hitachi Home Elecs. (Am.)*, 157 F.R.D. 477, 480 (C.D. Cal. 1993).

## DISCUSSION

Defendants' motion for a more definite statement is based on two perceived defects in plaintiffs' Complaint. First, defendants assert that the Complaint does not give fair notice of the specific allegations against each individual defendant. Second, defendants argue that the First Claim for Relief violates Rule 10(b) by combining claims for trademark infringement and unfair competition, two distinct causes of action. Because defendants can reasonably frame a responsive pleading to plaintiffs' Complaint, their motion for a more definite statement is denied.

### I. Notice to Individual Defendants

Defendants argue that a Rule 12(e) motion is appropriate where plaintiffs' Complaint

PAGE 4 - OPINION AND ORDER

includes broad allegations against multiple defendants without specifying which allegations pertain to each defendant. Defendants cite numerous cases in support of this proposition, but in each one the pleadings more drastically failed to connect individual defendants with their alleged misconduct than in this case.[2] Moreover, defendants rely upon other cases that do not directly address the issues before the court, including one involving a different pleading standard altogether.[3]

Defendants also take issue with a section from plaintiffs' Opposition that details how defendants collectively violated plaintiffs' rights:

> "WE NOT ME" was included on a t-shirt along with the adidas (Defendant adidas America, Inc. and adidas AG) and The Boston Celtics (Defendant Banner Seventeen, LLC, d/b/a The Boston Celtics) logos sold by the NBA entitites (Defendant NBA Properties, Inc. and NBA Media Ventures, LLC) for profit while being worn by Kevin Garnett during a webisode produced by Defendant 180LA, LLC.

(Pls.' Opp. Br. #108 at 6.) Defendants contend plaintiffs rely on these allegations appearing for the first time in their Opposition instead of pleading them in the complaint itself.[4] However, plaintiffs' brief does not introduce any new allegations not already found in the Complaint.

---

[2]*See, e.g., McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) (granting a motion for a more definite statement when a single complaint, 30 lines long, alleged numerous violations of rights without specifying which of the 20 named defendants was liable for each violation).

[3]*See Cincinnati Life Ins. Co. v. Grottenhuis,* No. 2:10-cv-00205-LJM-WGH, 2011 WL 1107114 (S.D. Ind. Mar. 23, 2011) (stating that a Rule 12(e) motion is appropriate for determining which defendants are facing which claims when subject to the heightened pleading requirements of Rule 9).

[4]Defendants state that plaintiffs cannot rely on allegations from a brief "as a surrogate for allegations that are missing from [the] complaint." *Great Plains Trust Co. V. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 327 (5th Cir. 2002). However, Defendants misuse the quoted language from *Great Plains*, a case analyzing a Rule 12(c) motion for judgment on the pleadings, not a Rule 12(e) motion for a more definite statement. *Id.* at 326-27.

PAGE 5 - OPINION AND ORDER

Plaintiffs' explanation in their brief seems instead to be an attempt to demonstrate how the facts they allege in their Complaint, discussed *supra*, apply to each defendant. Indeed, in accordance with the liberal pleading requirements of Rule 8(a)(2), more detail is unnecessary. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (pleadings must give the defendant fair notice of the claim in a short and plain statement, and cannot merely include a recitation of the elements of a cause of action and conclusory statements).

Defendants further cloud this issue by quoting at length from *S. Miss. Elec. Power Ass'n v. Norfolk S. Ry Co.*, a case with distinguishable facts from the instant case and reasoning that cuts against defendants' own argument. In *Norfolk*, plaintiffs argued that the explanation they offered in their Opposition to a Rule 12(e) motion gave defendants sufficient explanation of their claims. No. 2:10-CV-31-KS-KS-MTP, 2011 WL 1838566 (S.D. Miss. May 9, 2011). There, the court granted the Rule 12(e) motion specifically because defendants intended to subsequently file a Rule 12(b)(6) or Rule 12(c) motion. Nevertheless, the court seems to indicate that explanation from a briefing can adequately provide notice. *Id.* at *10 ("For all practical purposes, Defendant now has the explanation it desired and can prepare a response."). Here, unlike in *Norfolk*, defendants do not indicate their purpose in filing their Rule 12(e) motion is to prepare for a future dispositive motion under Rule 12(b)(6) or Rule 12(c). Also, plaintiffs' Opposition further elucidates the nature of their claims and provides defendants the explanation they seek. In sum, none of defendants' arguments justify requiring plaintiffs to re-plead their Complaint.

Overall, plaintiffs' Complaint gives defendants a sufficient basis for framing a responsive pleading. As discussed above, plaintiffs' Complaint includes conduct of each named defendant that could be a basis for a cause of action. (Third Amend. Compl., #101, ¶¶47-54.) While most of

PAGE 6 - OPINION AND ORDER

the allegations contained in the complaint focus on a single defendant, there is no requirement that each defendant receive equal attention. Moreover, plaintiffs' First Claim for Relief, when read in light of the Complaint's preceding factual allegations, is sufficiently clear. Thus, plaintiffs' Complaint objectively provides adequate notice.

In addition to this objective reading, there are several indications that defendants themselves understand the nature of plaintiffs' claims. First, prior conduct in related litigation shows that at least some defendants understand plaintiffs' claims. In *Adidas Am., Inc. v. Bobosky*, adidas America filed a lawsuit against plaintiffs seeking a declaratory judgment regarding the ownership of the phrase "We Not Me." No. 10-CV-603-PK, 2010 (D.Or. May 26, 2010). In its Complaint, adidas alleged, among other things, that its use of "We Not Me" did not violate 15 U.S.C. §1125 or 15 U.S.C. §1114, the same statutes plaintiffs rely upon in their current complaint.[5] While it is true that adidas' declaratory relief lawsuit was not filed in response to plaintiffs' Third Amended Complaint, that lawsuit does indicate that defendants understand the general nature of the claims at issue in this case, which have been reasserted in plaintiffs' most recent complaint.

Also, defendants' brief in support of their Rule 12(e) motion shows defendants' understanding of the claims: "Plaintiffs purport to assert trademark infringement and unfair competition claims against adidas, 180LA, the NBA Defendants, the Boston Celtics, and Garnett . . . in connection with the allegedly unauthorized use of Plaintiffs' WE NOT ME trademark." (Mem. in Supp. of Defs.' Rule 12(e) Mot., #106). Indeed, since the goal of a Rule 12(e) motion is to ascertain the nature of claims sufficiently to frame a responsive pleading, courts addressing

---

[5]The court later dismissed that lawsuit. *See* Cause No. 10-CV-603-PK, # 21 at p. 13.

PAGE 7 - OPINION AND ORDER

such motions may examine the defendant's briefing to determine whether a defendant is already on notice of the nature of plaintiff's claims. For example, in *Bureerong v. Uvawas*, the court, addressing a Rule 12(e) motion, looked to defendants' brief to determine whether defendants sufficiently understood the issues. 922 F. Supp. 1450, 1462 (C.D. Cal. 1996) ("Defendants' briefs amply demonstrate that they do understand the issues presented by the First Amended Complaint."). Here, defendants' brief suggests that they understand the nature of the plaintiffs' claims. Based on defendants' briefing, their declaratory judgment lawsuit, and an objective reading of the Complaint, I find that defendants can ascertain the nature of the claim being asserted against them and thus do not meet the standard for granting a Rule 12(e) motion.

## II. Separate Causes of Action

In addition, plaintiffs' First Claim for Relief need not be split into two separate claims. Defendants argue that plaintiffs' First Claim for Relief encompasses two distinct causes of action, trademark infringement and unfair competition[6], in violation of Rule 10(b). (Reply in Supp. of Defs.' Rule 12(e) Mot., #109). Rule 10(b) states that each claim founded on a separate transaction or occurrence must be stated in a separate count if doing so would promote clarity. Fed. R. Civ. P. 10(b). Defendants' argument fails because plaintiffs' claims arise out of a single transaction, and because Rule 10(b) does not apply in that scenario.

---

[6] Traditionally, courts have interpreted trademark law to be a branch of the broader area of law of unfair competition. J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 2:7 (4th ed. 2011). Claims for trademark infringement are restricted exclusively to the similarities between plaintiff and defendant's marks, whereas unfair competition claims can focus on the total impact of a party's selling efforts. *Id.* The Lanham Act, under which plaintiffs base their claims, created a federal statutory remedy for trademark infringement and unfair competition. *Id.* at § 5:4. Courts recognize section 43(a) of the Lanham Act (Codified as 15 U.S.C. §1125) as offering a federal unfair competition remedy. *Am. Rolex Watch Corp v. Jack Laufer, Inc.*, 176 F. Supp. 858, 860-61 (D.C.N.Y. 1958).

PAGE 8 - OPINION AND ORDER

Defendants' argument improperly takes for granted that plaintiffs' claims arise out of separate transactions rather than a single transaction. There is no agreed-upon definition of what constitutes separate transactions or occurrences. In most cases courts simply decide whether the events arose out of separate transactions without defining that concept. *See, e.g., Bautista v. L.A. Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (concluding without analysis that multi-plaintiff claim arose out of separate transactions). In this case, common sense suggests the plaintiffs' trademark claim arises out of a single transaction: the advertising campaign as a whole allegedly violating plaintiffs' trademark rights. To hold otherwise would require plaintiffs to plead a different cause of action for every separate facet of the marketing campaign. Thus, the court considers plaintiffs' claims to be arising out of a single transaction, not separate transactions.

Defendants also incorrectly assume that Rule 10(b) applies merely because plaintiffs plead claims for both trademark infringement and unfair competition. However, when a plaintiff pleads two different causes of action arising out of a single occurrence within one count, the applicable test for deciding a Rule 12(e) motion remains whether the pleadings put the other party on notice of the claims. *See Bell v. Baca,* No. CV0102067DDP(SHX), 2002 WL 368532 at *1 (C.D. Cal. 2002) ("[P]laintiff is not required to divide the complaint into separate counts as long as the pleadings put the opposing party on notice of the claims."); *see also* 5A Charles Alan Wright et al., Federal Practice and Procedure § 1324 (3d ed.). By defendants' own admission, they understand the Complaint to be asserting trademark infringement and unfair competition against all seven defendants. Thus, plaintiffs pleadings provide defendants appropriate notice of the claims for trademark infringement and unfair competition, even though they appear in the same claim for relief.

PAGE 9 - OPINION AND ORDER

Plaintiffs' Third Amended Complaint is not a model of clarity, but a Rule 12(e) motion should only be granted when a party literally cannot frame a responsive pleading. The cases defendants cite in support of their motion all involve instances of more severe pleading defects than in this case. Furthermore, defendants' briefs indicate they have ascertained the nature of the claims against them. Additionally, while claims for trademark infringement and unfair competition ideally should be separated, their presence in a single claim does not prevent defendants from gaining notice that plaintiffs proceed on both theories. Accordingly, plaintiffs' complaint is not "so vague or ambiguous that [defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

## CONCLUSION

For the reasons described above, defendants' motion for a more definite statement (#105) is denied.

Dated this 21st day of June, 2011

/s/ Paul Papak
Honorable Paul Papak
United States Magistrate Judge