Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

David K. Friedland
david.friedland@friedlandvining.com
Jaime Rich Vining
jaime.vining@friedlandvining.com
FRIEDLAND VINING PA
7301 SW 57 Court, Suite 515
South Miami, FL 33143
Telephone: 305.357.9030
Facsimile: 305.357.9050

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **W. BRAND BOBOSKY** and **WE NOT ME, LTD.**,<br><br>Plaintiffs,<br><br>v.<br><br>**ADIDAS AG d/b/a THE ADIDAS GROUP, ADIDAS AMERICA, INC., 180LA, LLC, NBA PROPERTIES, INC., NBA MEDIA VENTURES, LLC, BANNER SEVENTEEN LLC d/b/a THE BOSTON CELTICS**, and **KEVIN GARNETT**,<br><br>Defendants. | No. CV10-630-PK<br><br>**STIPULATED PROTECTIVE ORDER** |



**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

The parties have requested, or stated that they will request, the production of documents and/or information that each party considers to be or contain confidential information, proprietary information, and/or trade secrets under applicable state law, and that are subject to protection under Federal Rule of Civil Procedure 26(c) and controlling case law. The categories of information that are considered confidential and proprietary information are set forth with more particularity in paragraphs 3 and 4 below.

The parties agree that good cause exists to protect the confidential and proprietary nature of the information contained in documents, interrogatory responses, and/or deposition testimony, such that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

1. All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall only be used in this proceeding or in other litigation between the parties.

2. Use of any information or documents subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case or other litigation between the parties and shall not be used by any party, for any business, commercial, or competitive purpose. This Protective Order, however, in no way operates to restrict the disclosure or use of any information or documents that are known or become known through means or sources outside of either (1) this litigation or (2) other litigation in which the information or documents were produced subject to a protective order. In the event of a dispute concerning the preceding sentence, the burden shall be on the party claiming that this Protective Order does not apply to establish that the subject information or documents became known through means or sources outside of either (1) this litigation or (2) other litigation in which the information or documents were produced subject to a protective order.



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

3. The parties, and third parties subpoenaed by one of the parties, may in good faith designate as "Confidential," documents, testimony, written responses or other materials produced in this case that contain or that could lead to the disclosure of confidential business or commercial information. "Good faith" as used herein includes an obligation on any party (and/or the representatives of any party) that designates any materials as "Confidential" to inform itself, himself, or themselves of Local Rule 26-4 of the United States District Court for the District of Oregon and the commentary thereto. If any party to this action or subpoenaed third party claims in good faith that any document or other material produced by such party or third party is confidential, or that any information contained in the document or material is confidential, then the party or third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Confidential." Designations made prior to the entry of this Order, to the extent clearly stated on the record, shall be effective as if made under this Order.

4. The parties, and third parties subpoenaed by one of the parties, also may in good faith designate as "Attorneys' Eyes Only," documents, testimony, written responses or other materials produced in this case that contain confidential business or commercial information as to which the producing party contends it would suffer competitive injury if such information were to be disclosed to the other party or to third parties. "Good faith" as used herein includes an obligation on any party (and/or the representatives of any party) that designates any materials as "Attorneys' Eyes Only" to inform itself, himself, or themselves of Local Rule 26-4 of the United States District Court for the District of Oregon and the commentary thereto. If any party to this action or subpoenaed third party claims in good faith that any document or other material produced by such party or third party or any information contained in the document or material falls within this category, then the party or third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Attorneys' Eyes Only."



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Designations made prior to the entry of this Order, to the extent clearly stated on the record, shall be effective as if made under this Order.

5. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or making reference to such materials are filed or lodged with the Court, they shall be filed or lodged under seal and marked as follows or in substantially similar form:

CONFIDENTIAL or ATTORNEYS' EYES ONLY

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPHS 8 AND 9 OF THE PROTECTIVE ORDER.

Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

6. At or within thirty (30) days after receipt of the final copy of the transcript of the deposition of any party or witness in this case, if the questioning is such that the party or witness determines that the answers disclose confidential information or could lead to the disclosure of confidential information, such party or witness may designate that information Confidential or Attorneys' Eyes Only, and, when filed with the Court, the transcript containing this material shall be under seal and marked in the manner described in paragraph 5. Unless otherwise agreed, all deposition transcripts shall be treated as Attorneys' Eyes Only until the expiration of such thirty-day period.

7. Confidential or Attorneys' Eyes Only information and documents subject to this Protective Order shall not be filed with the Court or included, in whole or in part, in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc., have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

8. Use of any information and documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. The directors, officers, and employees of a party to the extent deemed necessary by the attorneys of such party for the prosecution or defense of this litigation.

b. Outside counsel of record for any party to the above-captioned litigation, including all attorneys, paralegal assistants, administrative assistants, and other employees of their law firms.

c. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, provided that such individual executes the Undertaking of Experts or Consultants Regarding Protective Order, a copy of which is attached hereto as Appendix A.

d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

e. The authors and original recipients of the documents.

f. Any court reporter or videographer engaged by one of the parties for purposes of reporting or videotaping a deposition in this action.

g. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

9. Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

a. Outside counsel of record for any party to the above-captioned litigation, including all attorneys, paralegal assistants, administrative assistants, and other employees of their law firms.

b. Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, provided that such individual executes the Undertaking of Experts or Consultants Regarding Protective Order, a copy of which is attached hereto as Appendix A.

c. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

d. The authors and the original recipients of the documents.

e. Any court reporter or videographer engaged by one of the parties for purposes of reporting or videotaping a deposition in this action.

f. Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

10. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be (a) discussed by a party or (b) disclosed in a deposition or other hearing or pre-trial proceeding, any party claiming confidentiality may exclude from the room any person, other than persons designated in Paragraphs 8 and 9 of this Protective Order, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

11. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information as provided under federal law. Nothing in this Protective Order shall prejudice any party from seeking amendments to it broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to order by the Court.



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

12. Upon the request of the producing party or third party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the party(ies) and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party (at the cost of the producing party or third party), or, alternatively, shall destroy, all information and documents subject to this Protective Order and any copies thereof. Returned material shall be delivered in sealed envelopes marked "Confidential" to respective counsel.

13. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. The parties shall first try to resolve any such dispute on an informal basis before presenting the dispute to the Court.

14. If any party believes that any information or documents have been inappropriately designated by another party or subpoenaed party as "Confidential" or "Attorneys' Eyes Only," that party shall, in writing, inform counsel for the party or the witness claiming the protected status. If the parties and/or the witness are unable to resolve the matter informally, the party objecting to the claim to protected status may then file an appropriate motion before the Court. In the event of such dispute, the designating party seeking to preserve the confidentiality of any such document must make the showing required by controlling case law in order to maintain the secrecy of such document. The designating party must further assess whether redaction is a viable alternative to complete non-disclosure. A party who disagrees with another's "Confidential" or "Attorneys' Eyes Only" designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

15. The inadvertent failure to designate a document, testimony, or other information as "Confidential" or "Attorneys' Eyes Only," prior to or at the time of disclosure shall not operate as a waiver of the party's right to later designate said document, testimony, or other information as "Confidential" or "Attorneys' Eyes Only." There shall, however, be no liability by the



Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

receiving party or their counsel for disclosure of such allegedly Confidential or Attorneys' Eyes Only material during the period that said party or their counsel did not know or should not reasonably have known that a claim of confidentiality would be made by the producing party.

16. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action, and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Stipulated Protective Order.

17. The protective order previously entered in this action prior to its transfer from the United States District Court for the Eastern District of Texas to this Court is hereby superseded and replaced by this Stipulated Protective Order, and any documents produced subject to the prior protective order are hereby subject to the terms and provisions of this Protective Order.

**IT IS SO ORDERED.**

DATED: August 25, 2011.

Paul Papak

Honorable Paul Papak
Magistrate Judge

Stipulated and consented to by:

DATED: August 25, 2011

**PERKINS COIE LLP**

By: /s/ Stephen M. Feldman
Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Attorneys for Defendants

**LANE POWELL PC**

By: /s/ Parna A. Mehrbani
Kenneth R. Davis II, OSB No. 971132
davisk@lanepowell.com
Parna A. Mehrbani, OSB No. 053235
mehrbanip@lanepowell.com
601 SW 2nd Avenue, Suite 2100
Portland, OR 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiffs

David K. Friedland (admitted *pro hac vice*)
Jaime Rich Vining (admitted *pro hac vice*)
**FRIEDLAND VINING PA**
7301 SW 57 Court, Suite 515
South Miami, FL 33143
Telephone: 305.357.9030
Facsimile: 305.357.9050

Attorneys for Defendants

Stephen W. Drinnon (admitted *pro hac vice*)
**THE DRINNON LAW FIRM**
1700 Pacific Avenue, Suite 2230
Dallas, TX 75201
Telephone: 972.445.6080
Facsimile: 972.445.6089

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **W. BRAND BOBOSKY** and **WE NOT ME, LTD.**,<br><br>Plaintiffs,<br><br>v.<br><br>**ADIDAS AG d/b/a THE ADIDAS GROUP, ADIDAS AMERICA, INC., 180LA, LLC, NBA PROPERTIES, INC., NBA MEDIA VENTURES, LLC, BANNER SEVENTEEN LLC d/b/a THE BOSTON CELTICS**, and **KEVIN GARNETT**,<br><br>Defendants. | No. CV10-630-PK<br><br>**APPENDIX A**<br><br>**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER** |

I, ______________________________, declare that:

1. My address is ____________________________________________________.

My current employer is ________________________________________________.

My current occupation is ______________________________________________.

2. I have received a copy of the Protective Order entered in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "Confidential" or "Attorneys' Eyes Only" that is disclosed to me.

4. Promptly upon termination of this action, I will return all documents and things designated as "Confidential" or "Attorneys' Eyes Only" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order entered in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature ________________________________

Date_____________________________________