IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

W. BRAND BOBOSKY and WE NOT
ME, LTD.,

        Plaintiffs,

                                    3:10-CV-00630-PK

                                    OPINION AND ORDER

v.

ADIDAS AG d/b/a THE ADIDAS
GROUP, ADIDAS AMERICA, INC.,
180LA, LLC, NBA PROPERTIES,
INC., NBA MEDIA VENTURES, LLC
BANNER SEVENTEEN LLC d/b/a
THE BOSTON CELTICS, and KEVIN
GARNETT

        Defendants.

---

PAPAK, Judge:

        Plaintiffs W. Brand Bobosky and We Not Me, Ltd. (collectively "Bobosky" or "plaintiffs")

bring this action against defendants adidas America, adidas AG, 180LA, LLC, NBA Properties,

PAGE 1 - OPINION AND ORDER

Inc., NBA Media Ventures, LLC, and Kevin Garnett (collectively "adidas" or "defendants") arising out of defendants' use of the phrase "WE NOT ME" during a 2007 "Basketball is a Brotherhood" marketing campaign. Bobosky alleges claims for trademark infringement and unfair competition, based on his two federal trademark registrations of "WE NOT ME," and alternatively, a claim for judicial rectification of any defects in ownership or registration of the "WE NOT ME" trademarks. (Third Amend. Compl., #101.) Now before the court is adidas' motion to stay discovery (#142), seeking a protective order against currently outstanding discovery requests and deposition notices, as well as a suspension of deadlines for any remaining briefing on the pending discovery motions, until the court resolves adidas' recently filed motion for partial summary judgment. For the reasons discussed below, the motion is granted.

"Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (internal quotations omitted). When determining whether to stay discovery until resolution of a pending motion for summary judgment, district courts in this circuit generally apply a two-part test. Specifically, a protective order staying discovery is appropriate only if: (1) the pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and 2) the pending dispositive motion can be decided absent additional discovery. *See Pac. Lumber Co v. Nat'l Union Fire Ins. Co*, 220 F.R.D. 349, 351-352 (N.D. Cal. 2003) (declining to stay discovery because the pending summary judgment motion would neither resolve all the questions in the case nor "moot the requested discovery"); *accord Seven Springs L.P. v. Fox Capital Mgmt. Corp.*, 2007 U.S. Dist. LEXIS

32068, at *3-4 (E.D. Cal. Apr. 18, 2007).

Here, both parts of the test are satisfied. Regarding the first part of the test, adidas' pending motion for partial summary judgment contends that Bobosky lacks valid and protectable trademark rights, a prerequisite of both Bobosky's claim for trademark infringement under §32 of the Lanham Act and his unfair competition trademark claim under §43(a) of the Lanham Act. Thus, a finding in favor of adidas on that motion would dispose of Bobosky's claims completely. And, as discussed in oral argument, adidas would also likely dismiss its counterclaims once it prevailed on its summary judgment motion. Thus, adidas' motion for partial summary judgment is potentially dispositive of this entire case. Even if the summary judgment motion did not dispose of this action entirely, it would certainly dispose of the issues at which Bobosky's discovery is directed. It is undisputed that Bobosky's discovery requests aim to reveal information concerning adidas' use of "WE NOT ME" in advertising and on apparel and whether that use created consumer confusion. (P.'s Br., #153, at 3) (admitting that discovery requests were tailored to investigate the *Sleekcraft* factors, those analyzed to determine whether there is a likelihood of consumer confusion). Since the court need not address likelihood of confusion if it decides Bobosky lacks valid and protectable trademark rights, adidas' motion may eliminate the need for Bobosky's pending discovery. Finally, regarding the second part of the test, Bobosky fails either in briefing or oral argument to identify any additional discovery that is necessary to resolve adidas' motion for partial summary judgment.

## CONCLUSION

For the reasons described above, defendants' motion to stay (#142) is granted. Until further order of the court, a protective order is entered against all of plaintiffs' currently

PAGE 3 - OPINION AND ORDER

outstanding discovery requests and deposition notices, all pending discovery motions are held in

abeyance, and all briefing deadlines on pending discovery motions are suspended.  Defendants'

motion for partial summary judgment will be set for oral argument by a separate order.

Dated this 13th day of October, 2011

Honorable Paul Papak
United States Magistrate Judge